In re. BCB CONTRACTING SERVICES, LLC Appellant Brian K. Stanley appearing pro se Allison Patton appearing for Appley Anthony H. Mason Chapter 7 trustee James Santos appearing for Appley Payam Kashfin Okay, Mr. Stanley, would you like to reserve some of your time for rebuttal? I would, Your Honor, approximately four minutes Four minutes, okay I'd like to point out there was a timer on the screen and now it has disappeared I still have it on my screen I'll do my best to let you know when we get close to four minutes Can you see it now? I do not Okay, well, I guess take a look at your watch and do the best you can I will try to let you know when we get to the four-minute mark Thank you, Your Honor May it please the court In the order appealed from, the Bankruptcy Court ruled that sanctions are precluded with respect to Stanley's violation of Rule 9011B3 in connection with his filing of the Schedules and Statement of Affairs However, sanctions may be awarded against Stanley for filing a frivolous petition in bad faith and for an improper purpose in violation of Rule 9011B1 Now, there is the Marsh sliding scale According to which Bankruptcy Courts must consider both frivolousness and improper purpose on a sliding scale Where the more compelling is showing us to one element, the less decisive need be the element is to the other Of course, where you have two elements that you need to weigh on sliding scale One thing you can't do is confuse them So if the question is, why was this petition frivolous? The appellee's answer can't be because it was filed for an improper purpose As to frivolousness of the petition, reading from the stipulated facts section of the pretrial order One, as of December 11th, 2019, the petition date The debtor LLC was insolvent and was subject to at least two outstanding unsatisfied judgments Totaling $275,866 Two, in November and December 2019, one of the judgment creditors obtained by garnishment The funds in debtor's bank account totaling $252.41 These facts suffice to establish an objectively non-frivolous basis for putting the company into bankruptcy The judicial relief invoked by the petition to it, supervised liquidation under the protection of the Bankruptcy Court Was warranted by existing law to it, Chapter 7 of the Bankruptcy Code Turning to purpose, the uncontroverted evidence was that after the company had become subject to judgments Far exceeding its net worth, the company's owner-manager stated that she did not want to have to spend Her time on the company any more than absolutely necessary The filing of the company's petition was precipitated by an imminent collection proceeding in state court Which had been scheduled by one of the judgment creditors, specifically the deposition of the company's owner-manager Email messages reflecting this fact were obtained by the bankruptcy trustee under CFTC v. Weintraub And they apparently made a great impression on the bankruptcy judge Mr. Stanley, wasn't the purpose in part to shield Mrs. Holbrook and the related entity, BCB Excavating From having their assets licked into by the creditor? And that was the purpose? Keeping the creditor from going after Mrs. Holbrook personally and her other entity? Wasn't that at least part of the purpose of the filing? Well, I'm not aware of any basis for going after Mrs. Holbrook personally That was not a consideration because there was no basis that I was aware of for that Of course, whenever you put a company into bankruptcy, all of its property immediately goes into the custody of the bankruptcy court So there was nothing to say, well, you could have waited and see who won the race to the courthouse Which of the due creditors got the money, got the assets first Well, yeah, you could, but one of the basic purposes of bankruptcy is to create a level playing field All the property goes into the estate and the creditors make their claims They get dividends based on their allowed claims to the extent that that is the result of bankruptcy administration I thought you said that Mrs. Holbrook's desire was to spend as little time on the company as possible But now you're saying that the company or Mrs. Holbrook really wanted to make sure their creditors were treated fairly No, she didn't care at all whether they were treated fairly or not That's my point, I guess The company didn't have a purpose because the company doesn't have a brain But you're saying that Mrs. Holbrook didn't want to spend time on the company That was the purpose for the filing, correct? We're talking about the subjective purpose in terms of the motivation of the owner or the legal purpose of the petition The legal purpose of the petition was to put the company into bankruptcy Put its property into the custody of the bankruptcy court and have its assets distributed in the course of bankruptcy administration That is the purpose of a Chapter 7 petition As long as it remains in there though Mr. Stanley? Yes That's all well and good as long as it stays in there And one reading of this is that there was, accepting your statement, there was nothing wrong with the filing The problem really comes trying to get out of it And that's what seems to give it that feel that this was improper Well, that's got nothing to do with the order under appeal It has to do with the nature of the propriety of it I mean, if one can read it as just a mechanism for ducking into bankruptcy to gain cover While you were able to rectify what you believe to be an error by the administrative agency that denied the withdrawal from Mrs. Holbrook But the only reason for that was after it became clear that in fact Holbrook had committed perjury That her petitions, statements in the petitions and the schedules and statement of affairs were false They had serious exposure for fraudulent transfers and preferential transfers That's when I began thinking, wow, we got bankruptcy exposure here Of course, I had no knowledge of any of this falsity until it was exposed by the trustee So when you filed the case, that was the first time that you represented the Holbrooks, Mrs. Holbrook, BCB, the debtor or BCB excavating You had no prior representation of any of those parties? No, I did represent them in state court And you represented them in connection with this litigation, didn't you? The litigation with the creditor Yes, yes, but I had no, that has nothing to do with any knowledge of the representations made by Holbrook But you're not representing Holbrook, you're representing, you were representing the debtor You just waxed on for a while that this was properly done to give the creditors the widest access to a distribution The fact that that distribution is going to happen and it may cost the member, that's not your concern No, it's not, the member's representation to me was that the company had no assets Well, what's the function of filing a bankruptcy case then? If there's no assets, what do you gain? There's no assets to be equitably distributed The company doesn't get a discharge What's the point other than invoking the automatic stay and stalling the non-bankruptcy litigation? But the bankruptcy, non-bankruptcy litigation was over There was a judgment, there was a judgment debtor Okay, I stand corrected, the post-judgment collection actions What's the point other than to stall the post-judgment collection actions? Well, the point was to put the property of the You just told me there's no assets Yeah, there was a receivable which was collected, there was $34,000 that was turned over to the trustee So, what I was talking about was my surprise at finding that the representations in the petition and the schedule and statement of affairs that omitted the transfers, that omitted property were false That's when I discovered those facts is when I started to try to think about Is there a way to get out of bankruptcy now that we see there is exposure? Who would be benefited by getting the company out of bankruptcy? Pardon? Who would be benefited by getting the company out of bankruptcy? Not the company, right? True But that's not the basis for the order under appeal The order under appeal says nothing about the motion to dismiss And there's been no cross appeal So, I think we're chasing a red herring here Equating the owner's subjective motivation for having the petition filed to the legal purpose of the petition The bankruptcy court ruled the petition was filed for the improper purposes of avoiding subpoenas in the state court action But the judgment of debtor exam and the subpoena compelling her attendance Were the continuation including the issuance or employment of process of a judicial proceeding against the debtor That was commenced before the commencement of the case And as such was stayed under section 362 The automatic stay is an inherent aspect of liquidation under bankruptcy court supervision And is not only for the protection of the debtor The automatic stay also provides creditor protection You have about four minutes left if you want to reserve If you want to keep on going, please go ahead But you're at the four minute mark Yeah, I'll just proceed to the 9011B3 question The bankruptcy court statement is confusing Because it says that sanctions are precluded with regard to 9011B3 As to the schedule and statement of affairs But as the only other document filed by me that is mentioned in the order Appealed from the petition The bankruptcy court identifies nothing factually improper in that document And I would simply note The bankruptcy court apparently completely overlooked local form 1091 Which was the evidentiary basis for the factual content of the schedule and statement of affairs Okay, do you want to reserve the rest of your time? Yes Okay, you have a little under three minutes All right, let me turn to the appellees Who's going to go first and how have you decided to divide up your time? Good morning, your honors Alice Ann Patton for the trustee Mr. Santos and I have discussed this matter And I'm going to proceed for 12 minutes And permit Mr. Not permit, but we've agreed that Mr. Santos will have three minutes Okay, great, go ahead please Okay There's actually two issues That I think are Three issues that I think are important to address One is on the improper purpose When it comes to the rule of 9011 sanctions And the court The court found that That this bankruptcy petition was filed to avoid subpoenas in state court To delay collection by creditor Cospin I think it's important to note that originally Mr. Stanley filed motions to quash the subpoenas The judgment enforcement subpoenas On behalf of the Holbrooks And BCB Excavating And then he brings the company into bankruptcy And within two months Of bringing the company into bankruptcy He is provided by the trustee With copies of bank statements Showing transfers from debtor to excavating Now this was something that had been raised in the subpoenas In the judgment enforcement subpoenas What transfers were going on from debtor to excavating Because excavating was formed to do all the same things That the debtor had And Mr. Stanley acknowledges That when he sees those bank statements for the first time He has concerns The concern is not for the debtor The concern is for the Holbrooks The concern is for liability exposure to the Holbrooks For potential fraudulent transfer and preferential claims Now what does Mr. Stanley do When he sees these transfers that are causing him concern Ms. Patton, can I interrupt Because there seems to be two bases for the 9011 One is the petition The other is the schedules and statements And maybe they merge, maybe they don't But are you arguing that the petition itself Was a violation of 9011B3? Yes Alright, and what was wrongful about the petition As just the petition? The petition is a petition that was filed for an improper purpose And because the support that it had What was the improper purpose? Sorry I was going to say that goes to B1 What about frivolousness 2? And the frivolousness was that it was The support for the petition Was the schedules that were filed Which were arrived with misstatements But that goes to the schedules, not the petition You're filing bankruptcy Bankruptcy Go ahead And as just Randi indicated, both the frivolousness What was frivolous about filing the bankruptcy petition? Putting the debtor into bankruptcy Yes, the frivolousness is that the petition itself Is supposed to be supported by the schedules and SOFA And they were based on The petition became frivolous Because the facts upon which the petition was based Was rife with misstatements So are you saying that Judge Collins was incorrect When he said he could not consider The schedules and the statements Because they were subject to the safe harbor provisions In determining frivolousness? Because that's what he said in his written decision As I read his decision, what he was saying is If the improper purpose had been just in the filing of the schedules There would have been a safe harbor So that if that improper purpose related just to the schedules There was a safe harbor that could have been used To permit the debtor to amend However, what happened was The petition was filed And creditors were immediately affected by that They were affected by that by the automatic stay Now that petition is supported in part By the schedules By the schedules that list the assets How is that right though? Because the schedules don't determine if you're in or out of bankruptcy The schedules don't affect the imposition of automatic stay That is the petition The filing, putting yourself into bankruptcy It is true, it is the petition that brings you into bankruptcy But that is supported That petition is supported by the statements and the schedules Because that goes to the administration of the bankruptcy But if you file a petition And that's based on lies and misstatements Then I believe that makes the petition itself also frivolous Even though the debtor is eligible to file for bankruptcy If the facts were as represented Or if the true facts were disclosed, either way? You would still have to have a proper purpose Okay, now you're switching to purpose That's a little different So the answer is I believe that Judge Collins found That the statements themselves had misstatements They had factual misstatements And that added to the frivolousness of the petition itself Even though he said that he couldn't consider that because of the safe harbor provisions He couldn't consider that in terms of Sanctioning Because the As I read it Because the sanction If it was just based on the schedule itself Would have to go to what was the improper purpose to the schedule The improper purpose here was filing a bankruptcy petition for improper reasons And Do you need both improper purpose and frivolousness to get 9011 sanctions? Yes, you do Can the same improper purpose also equal frivolousness? Because that seems to be where we are I think that there could be an improper purpose for filing a schedule And there could be a separate improper purpose for filing a petition For example If I'm just throwing out a hypothetical Suppose somebody filed a schedule And I'm making this up Suppose somebody filed a schedule And they included A car that they didn't that didn't belong to them And it belongs there Ex-spouse And they did this just to harass the ex-spouse Now in that case Everything else was fine in the schedules And you could say, okay, well, the proper purpose for filing the bankruptcy petition was okay But he did this thing to harass his ex-spouse What was the purpose for the filing of that petition? And you could go into the improper purpose for that filing of that schedule Judge Collins was focused on the improper purpose of filing the petition itself And found that the schedules that were to support that petition Were rife with false statements And that contributed to the frivolousness of it Is there another basis for sanctions? Like inherent authority? Of course Under 105 And inherent authority Are they the same thing? 105 sanctions and inherent authority? I think inherent authority based on the Rainbow case It emanates from section 105 I believe in the Rainbow case the court explained That the court's inherent authority Comes from 105 But even if it was separate Even if inherent authority was separate from section 105 It's still bad faith And you have bad faith This case is rife with bad faith The filing of this bankruptcy is rife with bad faith And so filing the Even if you didn't have rule 11 sanctions grounds for that You would have authority under 105 For entering sanctions And Judge Collins found that to be so This bankruptcy was brought Not to bring the debtor in Mr. Stanley has said over and over That bringing this bankruptcy in Was so that the debtor could bring in his assets He had insolvent funds to pay all of his creditors This is the form to bring it in So that there can be an equitable distribution And that's right! That is exactly what bankruptcy is for And that's not why this was done This was brought in to protect the Holbrooks The concern pre-petition was to protect the Holbrooks Two months, only two months into this bankruptcy Mr. Stanley finds out there's a problem Not for the debtor The debtor was the sacrificial lamb in this case At the evidentiary hearing Mr. Stanley said it was of no The debtor was indifferent to being dismissed Because as he put it There was only $34,000 in the estate And that had already been used for administrative claims And yet Mr. Stanley ignored the fact That more could have been brought in On these preferential transfer claims And these fraudulent transfer claims That were causing him such concern The debtor was an afterthought in all of this The primary thought here Was to protect the Holbrooks And this should never have been brought Mr. Stanley had an obligation Under Rule 11 To make a reasonable inquiry Into what was happening in those schedules In that Schedule C You've read the briefs There were so many red flags that he ignored This was an abuse of the bankruptcy process And Judge Collins had every authority To sanction Mr. Stanley For how this case was conducted And what was done And that brings me into my other point That I'd like to make Which is going back to Mr. Stanley's Continued disregard for the rules That apply to all of us attorneys He's done it in this case An order was sent to him saying You didn't file the record on appeal Now we're going to give you a second chance at that We're going to give you 14 days To designate that record on appeal in the bankruptcy court And to explain why you shouldn't be sanctioned With dismissal Or discuss some other alternative sanction And he didn't do that He didn't go forward and designate the record After you told him to And he didn't discuss an alternative sanction After you told him to This is a continued pattern in this case He's been sanctioned multiple times in the bankruptcy court And now he continues that pattern in this court And I... Judge Collins did the right thing And his patience has been tireless But he has done the right thing in this case In stopping and sanctioning this abuse of conduct And I do want to give Mr. Santos an opportunity to speak Okay Mr. Santos, you've got a little over three minutes Please go ahead Thank you, your honor And I'm not going to repeat much of what Ms. Patton said Although I do agree with her Judge Ferris, you were asking Mr. Stanley some questions about You know, why do you file the petition for a good reason Seek to dismiss it for another good reason Seek to dismiss it, I think, two or three times And Mr. Stanley wanted to only isolate his discussion on the petition Because he says that's the only issue In fact, the court's order imposing the sanctions under section 105 States that it was Mr. Stanley's conduct throughout the proceeding That was done in bad faith And so I believe the discussion of his conduct throughout the proceeding Was valid to be considered in today's appeal And Mr. Stanley's refusal to discuss that is also very telling And then going back to the, you know, the rule 9-11 The improper purpose or the purpose of this bankruptcy Was to hide assets and protect an insider and a successor company You're right, Mr. Stanley and I were opposing counsel in a state court action Where there was an accounting of BCB contracting debtors Profits at issue Mr. Stanley may say that he doesn't know anything About the financial status of his long-time client But he never testified under oath that he didn't know anything about it He just lets that presumption hang out there But that's fine because the rule requires a reasonable inquiry Under the circumstances Mr. Stanley, his defense says I never did any inquiry whatsoever Other than accepting a signed schedule from my client So you can't file something in good faith If you don't make any reasonable inquiry under the circumstances There was plenty of evidence to support Judge Collins The finding that it was done in bad faith For the improper purpose of protecting the insider and successor companies Never a thought given to the debtor itself And then as evidenced by Mr. Stanley's repeated attempt to dismiss the bankruptcy Once he concluded that based on his advice to one of his other clients Ms. Holbrook, that he really never represented the debtor to begin with Just because the debtor never had a representative to hire him This has been a circular argument He's manipulated the process throughout I'm somewhat disgusted to be involved in a case like this And I hope the court sees fit to affirm Judge Collins' decision Under either of the grounds that he announced Thank you Okay, thank you Alright Mr. Stanley, you've got 2 minutes and 50 seconds So please go ahead Thank you your honor The suggestion, well you sort of meld the schedules and statement of affairs Into the petition If there's misstatements in the schedules and statement of affairs It makes the petition bad I really don't understand that argument But in any event, this was an insolvent company Deeply underwater with multiple judgments against it And that creates an objectively proper purpose for putting it into bankruptcy And that would not be effective There's no suggestion that correcting the misstatements and omissions In the schedules and statement of affairs Would have changed the fact that this is an insolvent company Subject to multiple judgments With creditors racing to the courthouse to pick its assets The court has to deal with the order under appeal And the order under appeal has nothing to do with the motion to dismiss And the actually the trustee sought sanctions Based on the motion to dismiss and didn't get them The order deals with an allegedly improper purpose and or frivolousness Clearly there's no frivolousness And when we talk about purpose again It's a question of what is the purpose of a petition It's to put the company put the debtor into bankruptcy And invoke whatever the mechanisms of bankruptcy As applied to that debtor are And the subjective motivation what it is The creditor or the creditors owner manager in this case Feels about it what motivates them why they do it Whether they feel they should try and go on and make a go of it Or they're depressed or they're annoyed That's all matters of subjective motivation Which is not the same as the purpose for a petition There's, you know, Mr. Santos just slyly hinted That I had some sort of knowledge of the misstatements And the schedules and statement of affairs There's nothing in this order that suggests that There's nothing in the record that suggests that And the both of council have talked about Reasonable inquiry under the circumstances As to the factual accuracy of the schedules and statement of affairs That is a standard that had been gone for 25 years Okay, I'm going to stop you because you're a little bit past your time But thank you very much The matter is submitted
judges: FARIS, BRAND, SPRAKER